GEORGE VANNAH & another *vs.* FRANKLIN L. CARNEY.

Lincoln.   Opinion February 20, 1879.

*Award,—consolidation of.  Publication.*

The plaintiffs had two suits in their joint names against the defendant A. Each of them had an individual suit against him.  The cases were taken from court and referred to an arbitrator, the defendant A and his surety giving a bond to "pay to the plaintiffs such sums of money as should be awarded to be paid them by defendant A."  *Held*, in a suit on the bond, that the award is not invalid because a consolidated one, finding a single sum due to the plaintiffs jointly.

Nor is the award invalid because the referee, behind the backs of the parties, and after he had shown to them his figures and calculations, ascertained for himself from any source that a suit was settled, in which the principal defendant had been summoned as trustee of one of the plaintiffs, in order to avoid mentioning the suit in the decision to be made by him.

ON EXCEPTIONS.

DEBT on a common law submission bond.

Plea, general issue, with brief statements.  The plaintiff offered a paper, purporting to be an award of the arbitrator, which was objected to by the defendant but admitted by the presiding justice ; and the defendant alleged exceptions.

The case is stated in the opinion.

*A. P. Gould & J. E. Moore,* for the plaintiffs.

*J. Baker & H. Ingalls,* for the defendant, contended :

I. The award did not follow the submission which was contained in the bond, nor does it decide the whole matters submitted to the arbitrator, or make any final disposition of them, and is consequently void.  *Colcord* v. *Fletcher,* 50 Maine, 398–401. *Lincoln* v. *Whittenton Mills,* 12 Met. 31.   *Houston* v. *Pollard,* 9 Met. 164.   *Adams* v. *Adams,* 8 N. H. 82.   *Harvey* v. *Brewster,* 14 N. H. 49.   *Ackley* v. *Ackley,* 16 Vt. 450.   *Porter* v. *Scott,* 7 Cali, 312.

II. There is another fatal informality in the award, and that is in the sum allowed for costs.  The submission authorized the arbitrator " to determine the question of costs in said suits," but

not the costs of the arbitration. By the submission the suits were withdrawn from court and dismissed from the docket, and if they had not been, the law would have discontinued them the instant a common law arbitration and submission was effected. *Mooers* v. *Allen*, 35 Maine, 276. *Crooker* v. *Buck*, 41 Maine, 355.

The record, docket and a taxation of the costs show that the arbitrator taxed and allowed not only the costs in the suits, but the costs of the arbitration, which occurred after the actions were out of court. An arbitrator at common law has no power to award the costs of arbitration. *Vose* v. *How*, 13 Met. 243. *Shirley* v. *Shottuck*, 4 Cush. 470. *Gordon* v. *Tucker*, 6 Maine, 247. *Walker* v. *Merrill*, 13 Maine, 173. *Porter* v. *B. B. R. R.*, 32 Maine, 539. *Hanson* v. *Webber*, 40 Maine, 194. *Day* v. *Hooper*, 51 Maine, 178. *Maynard* v. *Frederick*, 7 Cush. 247–252.

III. Another reason why the award is void is because the arbitrator received evidence long after the hearing was closed, and in the absence of Andrews, Carney and Hilton, when the arbitrator read from sheets of paper in the presence of Hilton and Cunningham; this was a publication of his award, and all he could do after that was to complete writing out the award, if not already done, and sign it, and then his duties and powers were ended. *Knowlton* v. *Homer*, 30 Maine, 552. *Thompson* v. *Mitchell*, 35 Maine, 281.

After publication of the award, the arbitrator imposed additional burdens upon Carney, the surety in the bond, without hearing or notice, and without power so to do. *Woodbury* v. *Northy*, 3 Maine, 85. *Thompson* v. *Mitchell*, 35 Maine, 281.

IV. The award is void for want of mutuality. *Furbish* v. *Hale*, 8 Maine, 315.

PETERS, J. The plaintiffs, Vannah and Cunningham, had two suits in court, in their joint names, against the defendant Andrews. Each of them also had a suit in his individual name against Andrews. And they were defendants in an action of replevin brought against them by Erskine and Carney, Andrews appearing to have something to do with the replevin action. The

five cases were taken out of court and referred under an arbitration bond and agreement. The bond now in suit provides that Andrews shall pay to the plaintiffs "all such sums of money which the said arbitrator shall award to be paid them by the said Andrews." The award in favor of the plaintiffs was a consolidated one, finding a single sum due to them jointly.

The award is objected to by the defendants, because it does not contain separate findings and make a distinct decision upon each claim. No suggestion is made of fraud or mistake. The result hides nothing. It is only claimed that it is an irregular thing, and that the form of the award does not follow the submission. We can conceive that the plaintiffs might object to have their claims intermingled in such a way, but do not see why the defendants should complain of it. The plaintiffs by bringing this action, waive any right of complaint they might have, and all parties are thereby bound by the award. In fact, the form of the award is in accord with the form of the bond, and, as there can be but one suit upon the bond and that in the name of the plaintiffs, difficulties in the remedy might have arisen had the form of the award been otherwise. As a rule, awards are to be liberally construed.

It is objected that the costs of arbitration were allowed, when the costs of the suits while in court only were provided for in the submission. To show this to be so, the defendants produce with their brief a calculation of the costs of the parties in the cases while in court, and find them to fall considerably short of the sum allowed as costs in an aggregate sum by the referee. An answer to this objection is, that we do not know what the evidence as to the costs was before the referee, nor whether witness fees had not accrued and been included in the taxation or not.

It is contended that evidence was received after a publication of the award and *ex parte*. It seems that the referee submitted to the parties his figures and calculations, in order to guard against errors, before his written award was made out. Certainly this was not a publication, nor intended as such. At most, it was only an indication of what the award would or might be. Nor did it injure the defendant to ascertain (if he did) behind their

backs that a suit had been settled where Andrews was summoned as a trustee of one of the plaintiffs. The result of the award was to be the same whether the suit was settled or not. Its form only would have been varied if the trustee suit was pending. Had the trustee suit been provided for in the award, the plaintiffs could have settled it after as well as before the publication. The action of the referee (if proved as alleged) was immaterial. We find no cases that disapprove it. On the contrary, there are cases that commend such a precaution on the part of a referee. *Small* v. *Trickey*, 41 Maine, 507. *Chaplin* v. *Kirwan*, 1 Dallas, 187. *Innas* v. *Millar*, 2 Dallas, 188.

*Exceptions overruled.*

APPLETON, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.